UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:17-cr-0226-JMS-DML |
| ) | |
| JOEL PAUL, ) | |
| Defendant ) | |

**POSITION OF THE UNITED STATES ON SENTENCING**

From 2013 to 2017, Joel Paul, the Defendant, exploited more than 250 undocumented immigrants seeking his legal help to obtain lawful status in the United States. The Defendant collected thousands of dollars apiece from these vulnerable individuals—many of whom do not speak English, and for whom this amount constituted life savings—and applied on their behalf for visas for which he knew they were not eligible and would be denied. Through these fraudulent applications, the Defendant involved his unwitting clients in a criminal act; deceived the United States Citizenship and Immigration Services (USCIS); and took advantage of the United States Attorney's Office for the Southern District of Indiana (USAO), which had supplied him with legitimate certifications for a small number of visa applicants in 2013, not knowing that the Defendant would go on to make copies of these certifications and attach them to hundreds of false applications. He did all of this out of simple greed, so that he could pocket approximately $750,000. For these offenses against the government and his own clients, the Defendant should receive a sentence at the high end of his Guidelines range.

**I.     OFFENSE CONDUCT**

The Defendant is a licensed attorney in the Indianapolis, Indiana area, who practices immigration law.  Under U.S. immigration law, there is an immigration benefit given to victims of certain crimes who provide assistance to law enforcement in the investigation or prosecution of those crimes; this benefit is known as a "U-Visa" or "victim visa."  In order to receive such a visa, applicants must provide USCIS with a Form I-918 (a Petition for U Nonimmigrant Status) and a Supplement B, which is a certification signed by an authorized government official that the applicant is a victim who has provided assistance in an investigation or prosecution.

In July 2013, the Defendant represented a small number of non-citizens who had been victims of a crime that the USAO was investigating; as a result of these clients' cooperation, the USAO provided the Defendant, as their attorney, with Supplements B for each of them, signed by the then-Criminal Chief of the USAO.  The Defendant sent these clients' Forms I-918 and Supplements B to USCIS.

Shortly after that legitimate representation, however, the Defendant began the scheme that he continued for nearly three years, submitting more than 250 fraudulent Forms I-918 to USCIS.  Most of these applications claimed that the applicant was a victim in the USAO's prior investigation and had assisted law enforcement.  These claims were false.  Nonetheless, the Defendant made unauthorized copies of the Supplements B he had previously received from the USAO and submitted them on his clients' behalf.  Some of the applications instead claimed that clients were victims in an investigation by the Marion County Prosecutor's Office (MCPO), and with these, in lieu of a Supplement B, the Defendant attached an affidavit and charging document from the case.  The Defendant did nothing to determine whether any of these clients were actually victims of a crime or whether they had assisted in a law enforcement investigation, as he claimed

on the I-918 submissions. Moreover, as he continued to submit fraudulent applications and certifications, the Defendant knew that his clients' applications were being routinely rejected by USCIS. This did not deter him.

Throughout his scheme, the Defendant collected considerable fees from his clients, for whom the approximate $3,000 the Defendant charged was a severe hardship. For example, some clients collected savings from friends and family members or traded their cars—the promise of legitimate status being worth such sacrifices. The Defendant also misled clients about the fees charged by USCIS. For instance, on behalf of his clients, he regularly submitted to USCIS Forms I-192, Applications for Advance Permission to Enter as a Nonimmigrant, a required filing for individuals ineligible for lawful entry (such as individuals who have previously entered the United States illegally). Applicants can obtain a waiver of the filing fee for this form for low income or financial hardship, and indeed, the Defendant regularly applied for, and received, a waiver of this fee from USCIS for his clients. But the Defendant did not inform his clients that they had received a fee waiver or return the fee to them, and instead kept the fee amount himself. Many of his clients remained unaware of his fraud and the denial of their applications until they were contacted by law enforcement, and were devastated to learn that they had no hope of gaining legal status.

In total, the Defendant made approximately $750,000 from this scheme. He used the proceeds of his fraud to maintain the comfortable lifestyle that he and his family enjoy. His financial records reveal that he spent the funds he stole from his clients on a family Disney vacation, his mortgage and home improvements, meals at fast-food and sit-down restaurants, and other similar expenses. The Defendant's luxuries and daily conveniences stand in stark contrast to the difficulty his clients had in scraping together the fees he charged them.

On November 17, 2017, the Defendant waived Indictment and pled guilty to a three-count Information: Count 1, mail fraud in violation of 18 U.S.C. § 1341; Count 2, immigration document fraud in violation of 18 U.S.C. § 1546(a); and Count 3, aggravated identity theft in violation of 18 U.S.C. § 1028(a)(1).

## II.  ALLOCUTION

The goal of sentencing is to achieve a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). In determining a sentence, the Court weighs the various factors provided in § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," and "to afford adequate deterrence." *Id*.

A sentence is reasonable if the court gives meaningful consideration to these factors and arrives at an objectively reasonable sentence in light of them and the individual circumstances of the case. *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008) (citing *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007); *United States v. Wachowiak,* 496 F.3d 744, 748 (7th Cir. 2007)). A sentence within a properly calculated guideline range is presumptively reasonable. *Id.* (citing *United States v. Haskins*, 511 F.3d 688, 695 (7th Cir. 2007)).

The government agrees with the Guideline calculations set forth in the PSR and contemplated in the plea agreement:

**Counts 1 & 2**

| | |
|---|---|
| Base Offense Level ………………..………………… | 7 (§ 2B1.1(a)(1)) |
| Loss Amount Greater than $550K …..………………… | +14 (§ 2B1.1(b)(1)(H)) |
| Ten or More Victims …………………….……………... | +2 (§ 2B1.1(b)(2)(A)(i)) |
| Abuse of a Position of Trust ……………………………. | +2 (§3B1.3) |
| Acceptance of Responsibility …………………………… | -3 (§ 3E1.1(a) & (b)) |

**Total Offense Level:**                                    **22**

Criminal History Category I                          (0 points)

**Guidelines Sentencing Range**                **41-51 months**

Count 3 is excluded from the advisory guidelines calculations because it requires a mandatory consecutive sentence of 24 months.

A prison sentence at the high end of the Guidelines range for Counts 1 and 2—51 months—is appropriate given the nature of the repeated, predatory crimes the Defendant committed. It is difficult to overstate his abuse of trust, both of his clients and of the government. The Defendant took advantage of some of the most vulnerable members of our society and extracted from them fees they could barely afford. He did so with the knowledge that his clients would not receive the legal status he had promised him, and that language, educational, and financial barriers might prevent them from discovering his fraud. He likely also knew that fear would make them hesitant to report anything they did discover to authorities. The Defendant also betrayed the trust of the USAO and an immigration system that attempts to treat crime victims with sensitivity. He was an officer of the court when the USAO provided him with Supplements B for his legitimate clients, and he nonetheless used an AUSA's signature to falsely claim that hundreds of his clients had assisted in an investigation of a crime.

In addition, a sentence at the high end of the Guidelines range is appropriate for deterrence in this case. Individuals seeking legal assistance need to be able to do so with confidence that they

will not be defrauded by barred attorneys, and law enforcement and immigration officials need to be able to trust that barred attorneys making representations on behalf of their clients are not doing so in bad faith.  A serious sentence for the Defendant will make clear to any attorneys contemplating exploiting vulnerable clients that such actions will be met with serious consequences.

Given the nature and circumstances of the Defendant's offenses and the need for general deterrence, the government recommends a total sentence of 75 months, combining a sentence at the high end of the Defendant's Guidelines range for Counts 1 and 2, to be followed by the mandatory consecutive sentence for Count 3.

Respectfully submitted,

ANNALOU TIROL
ACTING CHIEF,
PUBLIC INTEGRITY SECTION

    /s/
Peter Nothstein
Amanda Vaughn
Molly Gaston
Trial Attorneys
Public Integrity Section
Criminal Division
United States Department of Justice
1400 New York Avenue NW, 12th Floor
Washington, D.C.
(202) 514-1412

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will then send a notification of such filing (NEF) to counsel of record:

Robert D. Cheesebourough
543 East Market Street
Indianapolis, IN 46204
(317) 637-7000
ruaneagle@aol.com

                                                            /s/
                                        Molly Gaston
                                        Trial Attorney, Public Integrity Section
                                        Criminal Division
                                        U.S. Department of Justice
                                        1400 New York Avenue, N.W., 12th Floor
                                        Washington, D.C. 20005
                                        Tel: (202) 616-5647
                                        Fax: (202) 514-3003
                                        molly.gaston@usdoj.gov